est on $111.50,—the sum of the items above disallowed. If the trustee has failed to produce proper vouchers for any of the credits claimed by him, he is still at liberty so to do. If he fail to do so, or furnish the evidence of payment thereof, as provided by section 2734 of the Code, they will be disallowed, and the fund in his hands increased accordingly. On the settlement of the decree, counsel can be heard as to any matter which may have been overlooked, and as to any other matter to which attention may be called.

---

(3 Misc. Rep. 415.)

## LESSON v. MASSACHUSETTS BEN. ASS'N.

(Superior Court of New York City, General Term. May 1, 1893.)

1. RESCISSION OF CONTRACT—FRAUD.
  A release of a claim on a life insurance policy on payment of part of the amount thereof will not be set aside because induced by the representations of the company that it had positive proof of deceased's age, and that it had been understated in his application, when the only evidence that it had was a record of enlistment of deceased in the army; this not amounting to fraud.

2. ACCORD AND SATISFACTION—CONSIDERATION.
  That the liability of an insurance company on a policy was disputed furnished sufficient consideration for a compromise and release.

Appeal from special term.

Action by Frey C. Lesson against the Massachusetts Benefit Association, to set aside a release of claim on a life policy. From judgment dismissing complaint, plaintiff appeals. Affirmed.

The following opinion was rendered by McADAM, J., at special term:

The defendant issued a $5,000 policy on the life of plaintiff's husband, who died subsequently. It was in favor of the plaintiff, and payable to her. The defendant refused to adjust the demand, putting the refusal on the ground that the plaintiff's husband had understated his age, and had thereby defrauded the defendant in respect to the risk and amount of premium charged. The officers of the defendant told the plaintiff that they had positive evidence as to the true age, and offered her $4,000 by way of compromise. She accepted the money, and executed a release under seal. The present suit is an effort to set aside the release, and to recover the remaining $1,000, on the ground that the representation that the defendant had "positive" proof as to her husband's age was untrue, as the only thing resembling evidence the defendant had was a record of enlistment in the army, which was not competent to establish the disputed fact. The subject of age was one about which the defendant could have no knowledge superior to that possessed by the plaintiff, and no one can furnish "positive" proof of the time of birth except persons present at the occasion, and no one assumed that the defendant had such witnesses. The fact that the defendant overrated the degree of value of the army enlistment record as evidence of the age does not rise to the dignity of fraud. It probably created a doubt which might have led to better proof of fraud adequate to set aside the release. It is sufficient, however, as matter of defense, that there was a disputed liability, which the parties adjusted at $4,000. The payment and acceptance of the money constituted a good accord and satisfaction without any writing, (Taylor v. Nussbaum, 2 Duer, 302; People v. Board, etc., of Buffalo State Asylum, 96 N. Y. 640;) and even if the plaintiff had received it under protest it would not have destroyed this effect, (Looby v. Village of West Troy, 24 Hun, 78.) That the liability was disputed and compromised is recited in the release itself, and this controlling circum-

Super. Ct.] WORTHINGTON CO. *v.* PFISTER BOOK-BINDING CO. 295

stance appears prominently all through the case. The plaintiff has failed to establish any claim to equitable relief, and the complaint must be dismissed.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

A. H. Ammidown, for appellant.

J. K. Hayward, for respondent.

PER CURIAM. Judgment affirmed, with costs, upon opinion at special term.

---

PEOPLE ex rel. LYONS v. STRAUSS et al.

(Superior Court of New York City, General Term.   May 1, 1893.)

DISMISSAL OF POLICEMEN—REVIEW ON CERTIORARI.
   The action of the board of park commissioners in dismissing a policeman will not be reversed on certiorari where the evidence, though circumstantial, is sufficient to show that he rode at an unusually rapid rate through a street, and knocked down and injured a citizen.

Certiorari on the relation of William G. Lyons against Nathan Strauss and others, park commissioners of the park department of the city of New York, to review the judgment of respondents dismissing relator from the police force of said department.   Writ dismissed.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

L. J. Grant, for relator.

W. H. Clark, for respondent.

PER CURIAM. The identification of the relator as the person who had ridden at an unusual and rapid rate of speed through Seventy-Second street, and knocked down and injured a citizen, was by evidence of a circumstantial character, but it was sufficient. There was abundant evidence that the reckless rider wore the uniform of a mounted park police officer, and according to the testimony of Officers Purcell and Hoey, and the stableman, Jacob Smith, which was believed by the board of commissioners, the relator must have been the man.   The judgment should be affirmed, and the writ dismissed, with $50 costs and disbursements to the respondents.   All concur.

---

(3 Misc. Rep. 418.)
WORTHINGTON CO. et al. v. PFISTER BOOK-BINDING CO. et al.

(Superior Court of New York City, General Term.   May 1, 1893.)

FOREIGN CORPORATIONS—ASSIGNMENTS TO OFFICERS.
   Since the statutes of a state have no extraterritorial effect, Laws 1890, c. 564, § 48, providing that no corporation which shall have refused to pay any of its obligations when due shall assign any of its property to any of its officers, directors, or stockholders, for the payment of any debt, does not apply to foreign corporations.